NO. 07-02-0117-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 21, 2002


______________________________



DAVID JOE CORTEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 13,679-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 David Joe Cortez (appellant) appeals his conviction for aggravated assault. 
Pursuant to a plea of guilty, but without benefit of an agreed recommendation from the
State as to punishment, the trial court found him guilty and assessed punishment at fifteen
years in the Texas Department of Corrections Institutional Division. Appellant now appeals
his conviction. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief, wherein she certifies that, after diligently searching the record, she has
concluded that appellant's appeal is without merit. Along with her brief, appellate counsel
has attached a copy of a letter sent to appellant informing him of counsel's belief that there
was no reversible error and of appellant's right to appeal pro se. By letter dated July 11,
2002, this court notified appellant of his right to file his own brief or response by August
7, 2002, if he wished to do so. To date, appellant has failed to file a response or a motion
for extension of time to file same.

 In her Anders brief, appellant's counsel explained why she concluded that no
arguable basis for appeal existed. She considered such things as the 1) sufficiency of the
indictment to state an offense and invoke the trial court's jurisdiction, 2) pre-trial motions
regarding appellant's juvenile record to be used at punishment which are permitted by the
Texas Family Code, §58.007(g), 3) voluntariness of appellant's plea and the statutory
admonitions given by the trial court, 4) existence of evidence supporting the finding of
guilt, and 5) fact that punishment was assessed within the range allowed by law.

 Thereafter, we conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any error, reversible or otherwise,
pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not
only confirmed the accuracy of appellate counsel's representations but also failed to reveal
any error. 

 Accordingly, the motion to withdraw is granted and the judgment is affirmed. 



 Brian Quinn 

 Justice 

 

 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).